UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD PATRICK,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                                        /

Case No. 2:19-cv-11355
Hon. Denise Page Hood

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND REMANDING ACTION FOR AN AWARD OF BENEFITS

    This matter is before the Court on Magistrate Judge Patricia T. Morris's Report and Recommendation. **[Doc. No. 15]** Defendant filed a timely objection, and Plaintiff filed a timely response to that objection. **[Doc. Nos. 17 and 19]**

    Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

1

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Defendant contests, however, that the Magistrate Judge erred when concluding, without adequate explanation, that the opinions of Dr. Tejero supported a finding of disability. Defendant concedes that the case should be remanded, but it contends that the remand should be for the purpose of addressing Dr. Tejero's opinions in more detail, not an award of benefits. For the reasons that follow, the Court disagrees with Defendant.

A plaintiff is responsible for setting forth "specific evidence to support [his] claim." *Gerrick v. Comm'r of Soc. Sec.*, No. 15-12998, 2016 WL 5368620, at *2 (E.D. Mich. Sept. 26, 2016). Plaintiff argues that the ALJ did not follow the SSA regulations and that failure prejudiced Plaintiff, specifically with respect to "misconstru[ing] medical evidence and testimony." Plaintiff contends that the ALJ erred in not giving the appropriate weight to the findings of the Plaintiff's treating

2

psychiatrist, Dr. Tejero, and the Court agrees. Like the Magistrate Judge, the Court finds that the ALJ assigned little, if any, weight to the opinion of Dr. Tejero, yet assigned significant weight to the opinion of Dr. Rinnas.

With respect to Dr. Tejero, the ALJ believed that Dr. Tejero's opinion of Plaintiff's condition was based on subjective complaints, inconsistent with the medical evidence of record, and largely based on check-the-box and circle-the-answer forms. In 2014 and 2015, however, Dr. Tejero completed comprehensive and thorough biophysical evaluations chronicling Plaintiff's mental history. Dr. Tejero relied not only on Plaintiff's statements but also on the statements of others close to Plaintiff and Plaintiff's past medical records.

The Court notes that the ALJ was reticent to give Dr. Tejero's assessment much if any weight because the ALJ believed the assessment to be inconsistent with Plaintiff's statements on two occasions. The first inconsistency was that Dr. Tejero found that, without the support of Plaintiff's girlfriend, Plaintiff's prognosis is so bad that Plaintiff will not be able to live independently. But, Dr. Tejero's treatment notes stated that Plaintiff expressed that he was living with his girlfriend until a decision was made in his social security case. The Court finds that Plaintiff's desire to change his living arrangements upon a decision in this case

does not negate the fact that Dr. Tejero opined that the Plaintiff should be living with assistance.

The ALJ also believed that Dr. Tejero's opinion that Plaintiff "could have [an] angry outburst and become physically aggressive in the workplace" was inconsistent with his later statement that Plaintiff "has not been aggressive in years with the help of medication." (ECF No.9, PageID.595.) The ALJ erroneously interpreted this finding to mean that the Plaintiff's lack of aggressive behavior for a period of time meant the Plaintiff does not have a severe emotional impairment – something that is evidenced by the testimony of Plaintiff's case manager, Todd Wright. Mr. Wright has been Plaintiff's case manager for two years and has seen Plaintiff three to four times a month for 15 to 45 minutes at a time. (ECF No. 9, PageID.635-636.) Mr. Wright stated:

> Well, since coming into treatment, Richard is much better than he was initially. <u>But even with being significantly better, he is quick to anger. Even in a room by himself, he'll be responding and getting himself worked up. And he struggles extremely with poor concentration. As an executive functioning it's really difficult. So he struggles and this really frustrates him where he has a thought of what he needs to do or wants to do, but he can't come up with a plan to initiate the activity to get it done. So that's really frustrating for him. And unfortunately the medications, his baseline with the medications is depressed</u>. So he deal with - - he sleeps a lot, poor concentration, poor motivation, but it's much better than he was before when he was very, very volatile and a string of issues with the law.

(ECF No. 9, PageID.636 (emphasis added)).

The Court also finds that the ALJ gave improper and significant weight to the opinion of Dr. Rinnas. In February 2013, the Plaintiff was twice involuntarily hospitalized for psychiatric issues resulting from medication noncompliance and substance abuse. (ECF No.9 PageID.133, 356, 369, 466-467.) During his first hospitalization it was noted that Plaintiff exhibited "aggression, agitated behavior" and that "he sleeps with a crowbar in bed and was throwing things, smashing coffee cups..." (ECF No.9, PageID 384.) Plaintiff was ultimately discharged and re-hospitalized shortly after.

During his second hospitalization, the Plaintiff mentioned that he "wanted to kill other people." (ECF No.9, PageID.356.) The police were contacted and when they showed up the Plaintiff attempted to flee and kicked one of the officers. He was charged with criminal charges. Dr. Rinnas was asked to evaluate Plaintiff's competency to stand trial and his criminal responsibility regarding his criminal charges. Dr. Rinnas opined that the Plaintiff "...does not meet criteria for mental illness as statutorily defined." (ECF No.9, PageID.471.)

Plaintiff contended, and the Court agrees, that Dr. Rinnas's opinion is of little value for purposes of Plaintiff's disability case. The assessment for competency to stand trial and criminal responsibility is vastly different than the assessment required to establish eligibility for social security benefits. The

competency assessment cannot serve as substantial evidence to support the ALJ's conclusion regarding disability. Fundamentally, the standard to assess an individual's competency to stand trial does not match the five prong test the SSA uses to determine eligibility for benefits. Accordingly, the Court concludes that the ALJ erred when applying a finding of criminal competency to an assessment that employs different standards. The ALJ's reliance on Dr. Rinna's opinion was unwarranted, and the Magistrate Judge was correct to reject that opinion when weighing whether Dr. Rinna's opinion supported a finding of substantial evidence to justify the denial of benefits.

Due to the ALJ erroneously citing these perceived inconsistences – and failing to give sufficient weight to evidence that supported Dr. Tejero's opinion, the ALJ erred in failing to find that Plaintiff was entitled to benefits. For the reasons stated above, as well as in the Report and Recommendation, the Court finds that Plaintiff set forth "specific evidence to support [his] claim" and a finding of entitlement to disability benefits. The Court also concludes that there was not substantial evidence to support the ALJ's denial of disability benefits to Plaintiff. The Court therefore accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law and agrees with the

Magistrate Judge's recommendation that this matter be remanded for the award of benefits.[1]

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Patricia T. Morris **[Doc. No. 15, filed April 8, 2020]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Defendant's Objection **[Doc. No. 17, filed April 30, 2020]** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 12, filed September 19, 2019]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 13, filed October 11, 2019]** is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Commissioner for an award of benefits.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: September 30, 2021    United States District Judge

---

[1] Plaintiff argues that the Appeal Council erred in not considering Dr. Tejero's and Mr. Wright's letter rebutting the ALJ's decision. The Appeals Council's decision to deny review is not subject to this Court's review. *See, e.g., Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012); *Perkins v. Chater*, 107 F.3d 1290, 1294 (7th Cir. 1997). This Court's review of the administrative record is limited to the ALJ's decision.