## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RICHARD PATRICK,

    *Plaintiff*,

*v.*

COMMISSIONER OF SOCIAL
SECURITY,

    *Defendant*.

_____/

CASE NO. 2:19-cv-11355

HON. DENISE PAGE HOOD
DISTRICT JUDGE

HON. PATRICIA T. MORRIS
MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION ON PETITIONER'S
## MOTION FOR ATTORNEY FEES (ECF No. 23)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's

motion for an award of attorney fees under 42 U.S.C. § 406(b) (ECF No. 23) be

**GRANTED** in the amount of $8,966.00.

## II.  REPORT

### A.  Introduction and Background

Plaintiff Richard Patrick quest for benefits has a tangled history.  On May 23,

2013, he filed applications for Disability Insurance Benefits ("DIB") and

Supplemental Security Income Benefits ("SSI") under Title II and Title XVI

respectively, alleging disability as of February 11, 2013.  (ECF No. 9-5, PageID.220,

229).  Following the initial denial of benefits, Plaintiff requested a hearing before an

administrative law judge ("ALJ"), held February 6, 2015. (ECF No. 9-2, PageID.81-110). On March 2, 2015, the ALJ found that Plaintiff was not disabled at any time during the relevant period (*Id*. at PageID.62-75). On December 4, 2015, the Appeals Council denied Plaintiff's request for review of the claim. (*Id*. at PageID.43-46). Following judicial review of the final determination, on March 1, 2017, the claim was remanded to the administrative level. (ECF No. 9-11, PageID.711-714). The remand was consolidated with Plaintiff's subsequent application for benefits amending the onset date to February 5, 2013. (ECF 9-14, Page.ID.900, 904). Following a February 1, 2018 hearing, the ALJ again found, on April 11, 2018, that Plaintiff was not disabled during the relevant period. (ECF No. 9-10, PageID.577-596, 606).

Plaintiff filed for judicial review of the final decision on May 8, 2019. (ECF No. 1). On September 30, 2021, the District Court granted my recommendation to remand the case to the administrative level for an award of benefits. (ECF Nos. 15, 20-21). On December 16, 2021, the District Court approved a joint stipulation for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (March 12, 2019), awarding attorney fees in the amount of $3,962.50. (ECF No. 22). On March 28, 2022, Plaintiff's attorney filed the present petition for attorney fees pursuant to 42 U.S.C. 406(b), requesting fees in the amount of $8,966. (ECF No. 23). The petition was referred to the undersigned on April 1, 2022. (ECF

No. 24).  Counsel states that he contacted defense counsel to seek concurrence, and that the Commissioner declined to take a position on the motion. (ECF No. 23, PageID.1771).  The Commissioner has not responded to the petition.

## B.  Legal Standards

"The prescriptions set out in [section] 406(a) and [subsection] (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). Section 406(a) addresses payment for representation in administrative proceedings before the Commissioner, whereas section 406(b) deals with payment for representation in court.  42 U.S.C. § 406(a)–(b) (2018).

Under 42 U.S.C. § 406(b), where a claimant is "represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation."  42 U.S.C. § 406(b)(1)(A).  Fee requests under § 406(b) cover attorney work done in the district court and are considered separately from fee requests under § 406(a), which cover work done at the administrative level and are determined by the ALJ.  *See Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 457, 2016 WL 1579960 (6th Cir. 2016) ("In the Sixth Circuit, an attorney who represents the claimant before the Commissioner and in court may separately receive fees for both representations…).

3

42 U.S.C. § 406(b)(1)A) directs that a court may allow a "reasonable fee" for court-related services not exceeding 25 percent of a claimant's past-due benefits.  In *Gisbrecht v.* 535 U.S. at 807, the Supreme Court recognized the permissibility of contingent fees within the confines of § 406(b), and subject to judicial review for reasonableness:

> "Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."

## C. Analysis

Appended to this motion as Exhibit D is the fee agreement between Plaintiff and counsel, in which Plaintiff agrees to a contingent fee of 25 percent of past-due benefits. (ECF No. 23, PageID.1799).  The amount of past-due benefits that the SSA awarded to Plaintiff is $99,728.00. (*Id*. at PageID.1780). Plaintiff's Exhibit E is counsel's timesheet detailing the hours spent litigating Plaintiff's case in this Court. The total time expended was 22 hours.  (*Id*. at PageID.1800-1802).  Counsel claims an hourly rate of $407.54.

First, I have reviewed counsel's timesheet, and the 22 hours claimed is reasonable, and well within the typical time for litigating Social Security appeals in this Court. *See Glass v. Sec'y of HHS*, 822 F.2d 19, 20  (6th Cir. 1987) (noting that

"the experienced district judge is very likely correct that twenty to thirty hours may well be the norm for attorneys to handle most [Social Security] cases….").

Second, an appropriate hourly rate that does not result in a "windfall" to the attorney is generally no more than "twice the standard rate for such work in the relevant market." *Waderlow v. Saul*, Case No. 19-11871, 2021 WL 1811558, at *3 (E.D. Mich. May 6, 2021) (citing *Hayes v. Secy' of HHS*, 923 F.2d 418, 422 (6th Cir. 1990)). Plaintiff's Exhibit B is the State Bar of Michigan Economics of Law Practice (2019), which indicates that the median hourly attorney rate for administrative law is $296.00, and for civil litigation $300.00. (ECF No. 23, PageID.1790). *See Sykes v. Comm'r of Soc.Sec.*, 144 F.Supp.3d 919, 926 (E.D. Mich. 2015) (finding a "standard rate" of $395 per hour for experienced public benefits lawyers in Michigan based on State Bar of Michigan statistics); *see also Szostek v. Berryhill*, 14-11531, 2017 WL 6943420, at *2 (E.D. Mich. Nov. 22, 2017) (Stafford, M.J.) ("A review of recent cases from this district reveals that an hourly rate of $250 to $500 is considered standard and that doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny."), *report and recommendation adopted sub nom. Szostek v. Comm'r of Soc. Sec.*, 2018 WL 398443 (E.D. Mich. Jan. 12, 2018). In this case, doubling a standard rate of $300 per hour would result in an hourly rate of approximately

$600.00. Counsel's request for an hourly rate of $407.54 is comfortably within the range of a reasonable rate for purposes of § 406(b).

Third, the request for $8,966.00 under § 406(b), combined with counsel's request for $7,000.00 at the administrative level under § 406(a), gives a total combined fee of $15,966.00, which, at 16 percent of the past-due benefits of $99,728.00, is less than the 25 percent contingent fee agreement.

Finally, Plaintiff has consented to this fee request. (ECF No. 23, PageID.1808).

Counsel's request for fees under § 406(b) is reasonable and should be granted. But because counsel was previously awarded fees of $3,962.50 under EAJA, that amount must be refunded to Plaintiff. *See Gisbrecht*, 535 U.S. at 795-96 (where fees are awarded under both EAJA and § 406(b), counsel must "[r]efund to the claimant the amount of the smaller fee."); *Astrue v. Ratliff*, 560 U.S. 586 (2010) (fees under § 406(b) are offset by any award of EAJA fees).

## III. Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that the motion for attorney fees under 42 U.S.C. § 406(b) be **GRANTED**, and that attorney fees be awarded to Plaintiff's attorney in the amount of $8,966.00, payable from the past-due benefits that were withheld.

**IT IS FURTHER RECOMMENDED** that the previously awarded EAJA fees in the amount of $3,962.00 be refunded to Plaintiff.

## REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," *et cetera*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an

7

objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *et cetera*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 12, 2022                              S/ PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge